IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Bogan, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:24-1624-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden, F.C.I., Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Clarence Bogan's ("Petitioner") pro se petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On May 29, 2024, Respondent filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 15.) The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C.

On October 8, 2024, Magistrate Judge issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. (ECF No. 27.) Petitioner filed objections to the Magistrate Judge's Report, and the matter is ripe for review. (ECF No. 35.)

**BACKGROUND**

Petitioner is a federal inmate incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. Petitioner brings this § 2241 petition challenging the calculation of his federal sentence and requests that he be credited with the time he spent in custody from the time the federal detainer was placed on him until he was sentenced. (ECF No. 1 at 7-13.)

In her Report, the Magistrate Judge reviewed the evidence of record and the applicable law and explained that Petitioner's federal sentence commenced on October 3, 2019, the date it was imposed. As a result, the Magistrate Judge determined that Petitioner's federal sentence had been computed consistently with federal statutes, regulations, and policy and that Respondent was entitled to summary judgment on Petitioner's claim. (ECF No. 27 at 6-9.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In his objections, Petitioner repeats his claim and asserts that this matter is not ripe for summary judgment because the law is ambiguous to the facts of this case. (ECF No. 35 at 5.) Specifically, Petitioner states:

> The Motion for summary judgment for all intent[s] and purposes rests on the fact Petitioner is not entitled to file credit under the law. However, that law is ambiguous as applied to the facts of this Case. The Court order[ed] the Federal sentence "partially concurrent" to include all time "yet to be served on the State Sentence." The question remains shoudl the pretrial time spent in custody of the State under warrant from the Federal Government be applied to the instant Federal sentence. That question is not firmly settled and thus, a Motion for summary judgment based on the contention of settled law is due to be denied.

(*Id.*)

After review, the Court finds no merit to Petitioner's objections, and the Court agrees with the Magistrate Judge that Petitioner is not entitled to any additional prior custody credit because he was serving a state sentence before his federal sentence was imposed on October 3, 2019. In other words, the Court disagrees with Petitioner that the law is ambiguous as applied to the facts of this case, and the Court fully agrees with the Magistrate Judge that Petitioner is not entitled to pre-sentence credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), for time spent in the service of his state sentence prior to the imposition of his federal sentence. (*See* ECF No. 27 at 8.) *See*, *e.g.*, *Hargrove v. Wilson*, No. 3:14CV75, 2015 WL 459224, at *4 (E.D. Va. Feb. 3, 2015) (explaining that under *Willis* pre-custody credits are only available for "time spent in non-federal presentence custody, before either a state or federal sentence is imposed").

## CONCLUSION

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 27); the Court overrules Petitioner's objections (ECF No. 35); and the Court grants Respondent's motion for summary judgment (ECF No. 15.)

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 16, 2025
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial

3

of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  Here, the Court finds that Petitioner has not made the requisite showing of "the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly, the Court denies a certificate of appealability.